**E-FILED - 8/18/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE DANIELS, ) | No. C 08-3780 RMW (PR) |
| ) | |
| Plaintiff, ) | ORDER OF SERVICE; |
| ) | DIRECTING DEFENDANTS TO |
| v. ) | FILE DISPOSITIVE MOTION |
| ) | OR NOTICE REGARDING |
| WARDEN EVANS, et al., ) | SUCH MOTION |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of the Salinas Valley State Prison ("SVSP"), where plaintiff was housed. Plaintiff is granted leave to proceed in forma pauperis in a separate order. The court will order service of the complaint on defendants.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.rmw\cr.08\Daniels780srv      1

1  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901
2  F.2d 696, 699 (9th Cir. 1988).
3      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
4  elements:  (1) that a right secured by the Constitution or laws of the United States was violated,
5  and (2) that the alleged deprivation was committed by a person acting under the color of state
6  law.  West v. Atkins, 487 U.S. 42, 48 (1988).
7  B.     Plaintiff's Claim
8      Plaintiff alleges that he fell into a drainage ditch and seriously injured his right knee.  He
9  alleges that for the following eight months, defendants were deliberately indifferent to plaintiff's
10 medical needs, delaying treatment, failing to give prescribed medications, and requiring plaintiff
11 to experience serious, continued pain.  Liberally construed, plaintiff has stated a cognizable
12 claim of a violation of his Eighth Amendment right to be free from cruel and unusual
13 punishment.  The court will order service of the complaint based on the cognizable claim
14 described above.

**CONCLUSION**

16     1.     The clerk of the court shall issue summons and the United States Marshal shall
17 serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy
18 of this order upon: **Director of Corrections; Mike S. Evans, Warden; Dr. Charles Lee, Chief**
19 **Medical Officer; Nurse Practitioner Bey; Dr. Pompan; Nurse Jeans; Nurse Lobretz; Nurse**
20 **Ennis; Nurse Margret; and Dr. Kasawa** at the **Salinas Valley State Prison** in **Soledad,**
21 **California** and **Dr. Medina, Dr. James, and Dr. Roche** at the **High Desert State Prison** in
22 **Susanville, California.**  The clerk shall also mail a courtesy copy of this order and the
23 complaint, with all attachments thereto, to the **California Attorney General's Office**.
24     3.     No later than **ninety (90) days** from the date of this order, defendants shall file a
25 motion for summary judgment or other dispositive motion with respect to the claims in the
26 complaint as set forth above, or notify the court that they are of the opinion that this case cannot
27 be resolved by such a motion.
28

     a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

     b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.</u>**

4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

     a.    In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

     b.    In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

>no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam).

     5.     Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

     6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

     7.     All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

     8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

     For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).

1  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
2  cumulative or duplicative, or is obtainable from some other source that is more convenient, less
3  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
4  discovery in the action to obtain the information sought; or (iii) the burden or expense of the
5  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply
6  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
7  to his benefit to wait until defendants have filed a dispositive motion which could include some
8  or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered
9  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
10 Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer
11 with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a
12 motion to compel he must send a letter to defendants to that effect, offering them one last
13 opportunity to provide him with the sought-after information.

14      9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
15 and all parties informed of any change of address and must comply with the court's orders in a
16 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
17 pursuant to Federal Rule of Civil Procedure 41(b).

18      IT IS SO ORDERED.
19 DATED: ___8/15/08___        *Ronald M. Whyte*
                                RONALD M. WHYTE
20                              United States District Judge