1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

*E-FILED - 6/4/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GENE DANIELS,                        )        No. C 08-3780 RMW (PR)
                                     )
          Plaintiff,                 )        ORDER GRANTING
                                     )        PLAINTIFF'S MOTION
     v.                              )        FOR LEAVE TO AMEND
                                     )        COMPLAINT AND ORDER
WARDEN EVANS, et al.,                )        OF SERVICE
                                     )
          Defendants.                )        (Docket Nos. 35, 40)
                                     )
_____      )

16
17
18
19
20
21

        Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to
42 U.S.C. § 1983 against officials and employees of the Salinas Valley State Prison on
August 7, 2008.  On December 31, 2008, defendants filed a motion for summary
judgment.  Instead of opposing the motion, plaintiff moved to amend his complaint.
Defendants opposed amendment.  Plaintiff filed a reply.  For the reasons stated below, the
court GRANTS plaintiff's motion to amend.

22

**DISCUSSION**

23
24
25
26
27
28

        A plaintiff may amend his complaint "once as a matter of course" before a
responsive pleading is served.  Fed. R. Civ. P. 15(a)(1).  Here, no responsive pleading has
been served.  Defendants' motion for summary judgment does not terminate plaintiff's
entitlement to amend his complaint because the motion is not a responsive pleading.  *See
Brewer-Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1284 (11th Cir. 2000) ("the
term 'responsive pleading' does not include such filings as a motion to dismiss or a

1  motion for summary judgment" ).  Thus, plaintiff retains his right to amend "as a matter
2  of course," even though defendants have moved for summary judgment.

3   Defendants argue that the court has discretion to deny leave to amend pursuant to
4  Rule 15(a)(2) of the Federal Rules of Civil Procedure, which states that a court should
5  grant leave to amend "when justice so requires."  They further argue that the court should
6  exercise its discretion and deny leave to amend because an amendment will cause undue
7  delay in this case.  However, Rule 15(a)(2) does not apply in this case.  Instead, under
8  Rule 15(a)(1), plaintiff has a right to amend "once as a matter of course."  *See Williams v.*
9  *Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) ("[w]hen
10 the plaintiff has the right to file an amended complaint as a *matter of course* ... the plain
11 language of Rule 15(a) shows that the court lacks the discretion to reject the amended
12 complaint based on its alleged futility").

13  Defendants also argue that a "possible outcome of allowing plaintiff to amend at
14 this time is the continuation of amendments, 'as a matter of course' each time a motion
15 for summary judgment is filed."  Defs' Opp. at 2.  Defendants are wrong.  The express
16 language of the Federal Rules permits the complainant to amend only one time "as a
17 matter of course."  Fed. R. Civ. P. 15(a)(1).  Accordingly, the court GRANTS plaintiff's
18 motion to amend.

19  Pursuant to 28 U.S.C. § 1915A, the court now reviews the amended complaint to
20 determine whether plaintiff has asserted additional cognizable claims for relief.  In its
21 initial order, the court found that plaintiff's complaint stated a cognizable claim of
22 deliberate indifference to serious medical needs in violation of his Eighth Amendment
23 right to freedom from cruel and unusual punishment.  Plaintiff alleged that, in the eight
24 months after he fell in a drainage ditch and seriously injured his right knee, defendants
25 delayed administering proper medial treatment, failed to give prescribed medications, and
26 subjected plaintiff to serious, continued pain.  In his amended complaint, plaintiff
27 reasserts the deliberate indifference claim against defendants Mike S. Evans, Dr. Charles
28 Lee, Nurse Practitioner Bey, Dr. Pompan, Nurse Jeans, Nurse Lobretz, Nurse Ennis,

Nurse Margret, and Dr. Kasawa at the Salinas Valley State Prison in Soledad, California and Dr. Medina, Dr. James, and Dr. Roche at the High Desert State Prison in Susanville, California. He adds allegations that he developed "fossa ganglion cysts" as a complication resulting from defendants' deliberate indifference to his medical needs. Plaintiff also adds two new defendants: Dr. Bowman and Nurse Richards. These new defendants are subject to the same allegations as the previously-named defendants. The court continues to find plaintiff's deliberate indifference claims against Mike S. Evans, Dr. Charles Lee, Nurse Practitioner Bey, Dr. Pompan, Nurse Jeans, Nurse Lobretz, Nurse Ennis, Nurse Margret, Dr. Kasawa, Dr. Medina, Dr. James, and Dr. Roche cognizable under 42 U.S.C. § 1983. Liberally construing the amended complaint, the court also finds that plaintiff has asserted valid claims against Doctor Bowman and Nurse Richards for deliberate indifference to his serious medical needs.

## CONCLUSION

1. Plaintiff's motion for leave to file amended complaint (docket no. 40) is GRANTED. The clerk of the court shall file the amended complaint in the court file.

2. The clerk of the court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint, all attachments thereto, and a copy of this order upon: **Dr. Bowman** and **Nurse Richards** at the **Salinas Valley State Prison** in **Soledad, California.** The clerk shall also mail a courtesy copy of this order and the amended complaint, with all attachments thereto, to the **California Attorney General's Office**.

3. To preserve judicial resources, defendants' motion for summary judgment (docket no. 35) is DENIED without prejudice. No later than **sixty (60) days** from the date of this order, defendants shall file or re-file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint as set forth above, or notify the court that they are of the opinion that this case cannot be resolved by such a motion. Any motion for summary judgment shall be supported by adequate factual

documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. <u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he or she shall so inform the court prior to the date the summary judgment motion is due.</u>

4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

5.      In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and

1  granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52,

2  53-54 (9th Cir. 1995) (per curiam).

3       6.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after

4  plaintiff's opposition is filed.

5       7.    The motion shall be deemed submitted as of the date the reply brief is due.

6  No hearing will be held on the motion unless the court so orders at a later date.

7       8.    All communications by the plaintiff with the court must be served on

8  defendants, or defendants' counsel once counsel has been designated, by mailing a true

9  copy of the document to defendant or defendants' counsel.

10       8.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

11  court and all parties informed of any change of address and must comply with the court's

12  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

13  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14       This order terminates docket nos. 35 and 40.

15       IT IS SO ORDERED.

16  DATED: __6/4/09_____

*Ronald M. Whyte*

17  RONALD M. WHYTE
United States District Judge

28