*E-FILED - 8/26/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GENE DANIELS, | ) | No. C 08-3780 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of the Salinas Valley State Prison, where plaintiff was housed. The court ordered service of the original and the amended complaints on defendants. This order will address certain issues that arose in connection with service on defendants Jeans, Richards, and Lobretz.

**1.    Defendant Jeans**

The summons was issued to Jeans on September 16, 2008. It was mailed by the United States Marshal on September 23, 2008. A month later, on October 22, 2008, certain defendants, including D. Jeans, RN, filed an application for an extension of time to file a motion for summary judgment. In support of the application, defendants' counsel, Jennifer Addams, filed an affidavit stating that she anticipated receiving a request for representation from defendant Jeans. However, after another month passed,

Order Regarding Service
P:\PRO-SE\SJ.Rmw\CR.08\Daniels780srv3.wpd

on November 21, 2008, the summons to Jeans was returned unexecuted, stating, without any explanation, that "the facility was not able to effect service." After an inquiry, the court's clerk was informed that Jeans was no longer employed by the Salinas Valley State Prison.

As a *pro se* prisoner-litigant proceeding *in forma pauperis*, plaintiff is "entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). So long as such a prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshal's failure to effect service automatically constitutes good cause within the meaning of Rule 4(m). *See, e.g., Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir. 1990); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). The record shows that, despite the fact that plaintiff adequately identified Jeans in his complaint, the Marshal returned the summons unexecuted. Furthermore, defense counsel's filings seem to suggest that Jeans may have been employed by the prison when the summons was issued and mailed to her but resigned some time after that.

As the Seventh Circuit aptly explained under similar circumstances:

> The Marshal needs from the prisoner information sufficient to identify the guard ("John Doe No. 23" won't do); once that information has been provided, the Marshal should be able to obtain a current business address and complete service. If the Department of Justice declines to furnish the address to its own employee the Marshal, that hard-nosed attitude satisfactorily explains a prisoner's inability to serve papers within 120 days. How is the prisoner to obtain information the Bureau of Prisons will not entrust to a Marshal? We join the Ninth Circuit in holding that when the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant. The Marshal's failure to accomplish the task is automatically "good cause" within the meaning of Rule 4(j).

*Sellers*, 902 F.2d at 602 (internal citation omitted).

Being mindful of the court's obligation to extend time for service if good cause is shown, the court will provide plaintiff with another opportunity to effect service on Jeans. On or before **September 15, 2009**, the served defendants shall provide, under seal, the last known home address of defendant Jeans and her last date of employment with the Salinas Valley State Prison. In the alternative, defendants may file a notice accepting service on behalf of Jeans. Except for disclosure to the U.S. Marshal Service, Jeans'

1  address shall be kept confidential and any documents relating to service on Jeans shall be
2  filed under seal.  <u>Upon receipt of the Jeans' address, the clerk of court shall re-issue</u>
3  <u>summons and the United States Marshal shall serve, without prepayment of fees, a copy</u>
4  <u>of the amended complaint, all attachments thereto, and a copy of this order upon</u>
5  <u>defendant Jeans</u>.  Service shall be made on or before **October 9, 2009.**  Defendant Jeans
6  shall have **twenty (20) days** from the date of service within which to answer or otherwise
7  respond to the complaint as provided by the Federal Rules of Civil Procedure.

**2.      Defendants Richards and Lobretz**

The summonses to Nurse Richards and Nurse Lobretz were likewise returned unexecuted.[1]  After an inquiry, the court's clerk was informed that the Salinas Valley State Prison did not have employees named Richards and Lobretz.

It is the responsibility of the plaintiff to provide the information necessary to identify a defendant.  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).  Where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate.  *Id*. at 1421-22.  In this instance, defendants Richards

---

[1] In addition to Jeans, Richards, and Lobretz, the summonses to Nurse Margret and Dr. Medina have also been returned unexecuted.  Margret and Medina were named as defendants in plaintiff's original complaint; however, the amended complaint neither referenced them nor named them as defendants.  Because an amended complaint supersedes the original complaint, *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), defendants not named in the amended complaint are no longer defendants, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  In addition to Margret and Medina, Dr. Kasawa, Dr. James and Dr. Roche were neither referenced nor named as defendants in plaintiff's amended complaint.  Accordingly, Margret, Medina, Kasawa, James and Roche are no longer parties to this litigation.  To the extent the court's June 4, 2009 order granting plaintiff's motion for leave to amend complaint (docket no. 44) identified these individuals as defendants, it is hereby amended.

Although plaintiff did not name Nurse Ennis as a defendant in the amended complaint, he included allegations regarding Ennis in the body of the complaint. (Am. Compl., ¶ 45.)  In light of the fact that Ennis was named as a defendant in the original complaint and was discussed in the amended complaint, and that plaintiff is proceeding *pro se* in this litigation, the court will construe the amended complaint liberally and conclude that Nurse Ennis remains a defendant in this case.  *See Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant").

1 and Lobretz could not be identified.  Within **sixty (60) days** from the date this order is
2 filed, plaintiff shall provide the court with further identifying information as to defendants
3 Lobretz and Richards.  Failure to do so will result in the dismissal of the these defendants
4 without prejudice.

 IT IS SO ORDERED.
DATED: __8/26/09_____         *Ronald M. Whyte*
 RONALD M. WHYTE
 United States District Judge