IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GENE DANIELS, | ) | No. C 08-3780 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| vs. | ) | |
| | ) | |
| NURSE ENNIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against numerous officials of Salinas Valley State Prison ("SVSP"). On March 24, 2010, the court granted defendants' motion for summary judgment as to all claims and defendants except for Defendant LVN Ennis ("Ennis"). The court referred the case to Magistrate Judge Vadas for a settlement conference. On January 7, 2011, Magistrate Judge Vadas filed a minute entry, indicating that the case did not settle. Pending before the court is Ennis' motion for summary judgment. Plaintiff has opposed the motion,[1] and Ennis has filed a

---

[1] Ennis asserts that plaintiff's opposition is untimely, and that it would be an abuse of discretion for this court to consider it in the absence of a motion. (Reply at 2-3.) Plaintiff's opposition was due on June 24, 2001. (Docket No. 110.) Plaintiff's opposition was file-stamped on June 27, 2001. (Docket No. 111.) Despite Ennis' argument, plaintiff's opposition -- which plaintiff declared was given to prison officials for mailing on June 23, 2011 -- was timely both under Federal Rule of Civil Procedure 6(d), as well as the mailbox rule, see Douglas v. Noelle,

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.08\Daniels780msj2.wpd

reply.  Ennis' request for judicial notice is GRANTED.  Having carefully considered the papers submitted, the court hereby GRANTS Ennis' motion for summary judgment for the reasons set out below.

## BACKGROUND[2]

On August 22, 2006, plaintiff fell into a drainage ditch at least six inches deep and covered by grass on Facility A at SVSP.  (First Amended Complaint ("FAC") at ¶¶ 16-18.)  On October 25, 2006, plaintiff had an MRI which revealed a fairly severe lateral meniscal tear and multiple fossa ganglion cysts.  (Id. at ¶ 23, Ex. C.)  On February 20, 2007, Dr. Pompan, an outside orthopedic specialist, told plaintiff to stop taking naproxen, a pain reliever, because it was a blood thinner.  (FAC at ¶ 30; Opp., Ex. B.)  On March 7, 2007, Dr. Pompan performed knee surgery on plaintiff.  (FAC at ¶¶ 31-32.)  As post surgery protocol, Dr. Pompan prescribed two vicoden for seven days to be taken three times a day.  (Id. at ¶ 34.)

On March 20, 2007, Dr. Pompan's post-operative examination stated that plaintiff complained of "mild pain," and recommended "Tramadol for pain," and exercise for six weeks. (FAC at ¶¶ 42-43, Ex. A at 36.)  On March 23, 2007, Plaintiff filled out a Health Care Services Request Form, indicating that Dr. Pompan had ordered tramadol on March 20, 2007, for his pain, however, he had not yet received it.  (Decl. Jones, Ex. C at 127.)  An unidentified nurse's response was "Referred to MD Tramadol ordered."  (FAC, Ex. A at 55.)  On March 27, 2007, plaintiff told Nurse Bey that he was still not receiving the medication, and she said she would re-order it.  (FAC at ¶ 44.)  Bey further noted that plaintiff's right knee had mild swelling and tenderness, and that plaintiff was experiencing right knee pain.  (MR 125.)

That same day, plaintiff told Ennis that he wasn't receiving pain medication which was prescribed to him earlier that day[3], and that he was in extreme pain.  (Id. at ¶ 45.)  Between

---

567 F.3d 1103, 1106-07 (9th Cir. 2009) (citing Houston v. Lack, 487 U.S. 266 (1988)).

[2] The facts stated herein are undisputed unless otherwise indicated.

[3] The court presumes that plaintiff is referring to Bey's earlier statement that she would re-order the tramadol.

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.08\Daniels780msj2.wpd

1  March 20, 2007, and April 19, 2007, plaintiff repeatedly complained to Ennis, Nurse Richards,
2  and Nurse Lobretz that he was in pain, and that he was not receiving his pain medication, and
3  they all responded with indifference. (Id. at ¶¶ 43-45.) Plaintiff alleges that, on an undisclosed
4  date, he complained to Ennis that had not been receiving his pain medication, and she responded,
5  "So sue me." (Opp., Ex. B.)
6       On April 19, 2007, plaintiff told Bey that he still had not received any pain medication,
7  and she said, "This whole thing is screwed up. . . . I'm sorry you didn't receive your pain
8  medication, you poor thing!" (FAC at ¶ 49.) That same day, Bey prescribed tramadol for
9  plaintiff. (Decl. Jones, Ex. C at 25, 182 and Ex. D at 4.)
10      Plaintiff alleges that Ennis was deliberately indifferent to his medical needs, in violation
11 of the Eighth Amendment, because she delayed or denied him pain medication between March
12 20, 2007 and April 19, 2007.

13 **DISCUSSION**

14 A.    <u>Standard of Review</u>

15      Summary judgment is proper where the pleadings, discovery and affidavits demonstrate
16 that there is "no genuine issue as to any material fact and that the moving party is entitled to
17 judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect
18 the outcome of the case. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute
19 as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a
20 verdict for the nonmoving party. <u>Id.</u>

21      The party moving for summary judgment bears the initial burden of identifying those
22 portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine
23 issue of material fact. <u>Celotex Corp. v. Cattrett</u>, 477 U.S. 317, 323 (1986). Where the moving
24 party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no
25 reasonable trier of fact could find other than for the moving party. But on an issue for which the
26 opposing party will have the burden of proof at trial, as is the case here, the moving party need

27
28

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.08\Daniels780msj2.wpd

only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Liberty Lobby, Inc., 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999).

B.     Analysis

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989); McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course,

negligence is insufficient. Id. at 835. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Nor is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842.

It is nothing less than recklessness in the criminal sense - subjective standard - disregard of a risk of harm of which the actor is actually aware. Id. at 837-42. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42. However, obviousness per se will not impart knowledge as a matter of law.

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood, 900 F.2d at 1339-40. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d at 1060. In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." Id. at 1061.

Here, plaintiff asserts that from March 20, 2007 through April 19, 2007, Ennis refused to give him tramadol[4] which caused extreme suffering and pain. Ennis argues that plaintiff's injury

---

[4] In his FAC, plaintiff refers often to "pain medication." (FAC at ¶¶ 42-49.) The court understands plaintiff to be referring only to tramadol. In her motion for summary judgment, Ennis responds that plaintiff received naproxen, a pain reliever, rather than tramadol. In his

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.08\Daniels780msj2.wpd

was not a serious medical need, and that the treatment he received did not result in further significant injury. However, a plaintiff may demonstrate a serious medical need not only if the failure to treat the condition could result in further significant injury, but also if the treatment could result in "unnecessary and wanton infliction of pain." See McGuckin, 974 F.2d at 1059. Here, plaintiff has averred that he was in "constant, chronic, and shocking" pain from his knee surgery. (FAC at ¶ 50.) Taking all facts in the light most favorable to plaintiff, the court finds that plaintiff's allegation that he suffered unnecessary pain without requested and recommended pain medication sufficiently demonstrated that he had a serious medical need.

Thus, the question is whether there is evidence to support plaintiff's claim that the one-month period between March 20, 2007, and April 19, 2007, in which plaintiff alleges he was without tramadol demonstrates deliberate indifference. See Shapley v. Nevada Bd. Of State Prison Commm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) ("mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"). To show deliberate indifference to a serious medical need where there is a delay in treatment, plaintiff must show that the failure to provide earlier treatment was harmful. See McGuckin, 974 F.2d at 1060. Plaintiff does not need to show that the harm was substantial, although doing so would provide additional support for the claim that the defendants were "deliberately indifferent" to his medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Here, plaintiff alleges that he experienced significant pain during the month in which he did not receive tramadol, although he does not provide details on the extent of the harm. He further makes a conclusory statement that he "repeatedly" told Ennis that he was in extreme pain and he was not receiving his pain medication. (FAC at ¶ 46.) On the other hand, Ennis stated that she does not recall plaintiff ever informing her that he was not receiving his medication.

---

opposition, plaintiff disputes that he received either medication. Plaintiff argues that his failure to receive naproxen from March 20, 2007 through April 19, 2007, was appropriate because Dr. Pompan informed him it was a blood thinner and he should no longer take it. (FAC at ¶ 30; Opp., Ex. B.) Thus, plaintiff's FAC allegations regarding the delay in receiving pain medication, read in context, suggests that his federal claim involves only Ennis' failure to administer tramadol and does not concern the administration or failure to administer naproxen.

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.08\Daniels780msj2.wpd

6

(Reply, Decl. Ennis at ¶ 9.) Further, she asserts that there are approximately 15 nurses who rotate duties of dispensing medication to the SVSP inmates, and between March 20, 2007 and April 19, 2007, she was one of those nurses. (Id. at ¶ 5.) Moreover, although Dr. Pompan "prescribed" tramadol, only medical providers at the prison can order medication for the inmates. (MSJ, Decl. Ennis at ¶ 9.) Finally, Ennis is not authorized to prescribe medication, and she believed that plaintiff was regularly receiving naproxen. (Reply, Decl. Ennis at ¶ 4; MSJ, Decl. Ennis at ¶ 13.)

  Here, there is no evidence that the delay plaintiff suffered in receiving his tramadol was caused by, or was attributable to Ennis. Liability may be imposed on an individual defendant under section 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of the federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). According to plaintiff, he complained to Ennis repeatedly during the month he was without tramadol. Plaintiff intimates that Ennis should have tried to "fix the problem." There is no evidence, however, that Ennis was required to take such additional steps. Ennis was not authorized to prescribe medication, and no prescription for tramadol had yet been issued for plaintiff at the prison since Dr. Pompan could not issue prison prescriptions. Because Ennis' job was to dispense medication to the inmates, there is no competent evidence that she was responsible for the delay in plaintiff's receipt of pain medication. See, e.g., Walker v. Benjamin, 293 F.3d 1030, 1038 (7th Cir. 2002) (finding defendant doctor entitled to summary judgment where plaintiff claimed he did not receive antibiotics prescribed for him by defendant doctor, but failed to produce any evidence showing such failure was in any way within defendant doctor's control). Moreover, even if plaintiff had shown that Ennis was somehow required to do more, her failure to "fix the problem," over the course of one month, would at most constitute negligence, and not deliberate indifference. See, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.08\Daniels780msj2.wpd

pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor failed to provide prompt and sufficient medical care).

## CONCLUSION

Accordingly, Ennis' motion for summary judgment is GRANTED. The Clerk shall close the file.

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.08\Daniels780msj2.wpd           8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GENE DANIELS,

        Plaintiff,

  v.

DIRECTOR OF CORRECTIONS et al,

        Defendant.

Case Number: CV08-03780 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 23, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gene Daniels T-45428
SATF-CSP, Corcoran
Housing: E-5-160 Low
P.O. Box 5244
Corcoran, CA 93212-5244

Dated: September 23, 2011

                                    Richard W. Wieking, Clerk
                                    By: Jackie Lynn Garcia, Deputy Clerk